IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GREGORY L. SPUNG,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>JOSEPH PACO JAMES RODRIQUEZ,<br><br>　　　　　Defendant. | 8:22CV43<br><br>**MEMORANDUM AND ORDER** |

This matter comes before the Court on defendant Joseph Paco James Rodriguez's motion to dismiss plaintiff Gregory L. Spung's second amended complaint for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Filing No. 32. The Court finds it lacks subject-matter jurisdiction and dismisses the case for the reasons set forth herein. Consequently, the remaining pending motions are denied as moot. *See* Filing No. 28 (Spung's motion for default); Filing No. 50 (Spung's motion for summary judgment); Filing No. 57 (Spung's motion to exclude); Filing No. 58 (Spung's motion for leave to amend sur-reply); Filing No. 59 (Rodriguez's motion to quash subpoena); Filing No. 60 (Rodriguez's motion to strike); Filing No. 64 (Spung's motion for leave to respond with motion in limine); Filing No. 71 (Spung's motion to compel discovery).

**I.　BACKGROUND**

Spung filed suit against Rodriguez invoking diversity jurisdiction. Filing No. 1 at 3; Filing No. 4 at 3. His complaint, and a subsequent amended complaint, sought, in part, $200,000 in punitive damages. Filing No. 4 at 5. Rodriguez moved to dismiss for lack of subject-matter jurisdiction, arguing Nebraska law did not allow punitive damages, and without this amount, Spung failed to allege a sufficient amount in controversy. Filing No.

1

10; Filing No. 11 at 1–2. In response, Spung sought, and was granted, leave to file a second amended complaint which omitted the punitive-damages claim and expanded Spung's claim for other damages. Filing No. 27; Filing No. 12.

Spung's second amended complaint alleges that in October 2021, he stated to Rodriguez, "It seems like the elites are trying to exterminate the blacks." Filing No. 12 at 5. Spung claims Rodriguez then reported to their joint employer, Future Foam, that Spung also made statements like, "The Black Lives Matter Movement is Killing the Country" and "Black people are destroying the country and all black people in high office need to be gone." Filing No. 12 at 6. Spung denies making the latter statements and asserts Future Foam fired him as a result of Rodriguez reporting these false statements. Filing No. 12 at 5. Spung seeks $128,000 in damages from Rodriguez consisting of $30,000 in lost income and $98,000 for pain and suffering. Filing No. 12 at 4. As to lost income, Spung asserts his gross pay at Future Foam was $840 per week and "28 weeks have elapsed since my employment was terminated," resulting in $23,520 in lost income "plus overtime, insurance, 401k, vacation and holiday pay." Filing No. 12 at 4. As to pain and suffering, Spung alleges he "ha[s] been under long term care of medical professionals" for "emotional trauma, PTSD and it's [sic] negative impact on my mental and emotional well being [sic]." Filing No. 12 at 4. He therefore seeks "damages for pain and suffering at the rate of $500 per diem for 28 weeks." Filing No. 12 at 4.

II. ANALYSIS

Rodriguez moves to dismiss Spung's second amended complaint for lack of subject-matter jurisdiction. Filing No. 32. In support of his motion, Rodriguez submits his own declaration in which he generally asserts Spung did, in fact, make racists statements

2

which Rodriguez truthfully reported to Future Foam. Filing No. 34-1 at 1–2. In response, Spung submits a declaration acknowledging discussing "sociopolitical issues" at work and making the statement regarding the "elites . . . trying to exterminate the blacks" but denying making any further statements regarding race. Filing No. 40-1 at 1–2.

### A. Standard of Review for Motion to Dismiss for Lack of Subject-Matter Jurisdiction Under Fed. R. Civ. P. 12(b)(1)

For the court to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the complaint must be successfully challenged either on its face or on the factual truthfulness of its averments. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). In a facial challenge to jurisdiction, all of the factual allegations regarding jurisdiction are presumed true and the motion can succeed only if the plaintiff has failed to allege an element necessary for subject matter jurisdiction. *Gebhardt v. ConAgra Foods, Inc.*, 335 F.3d 824, 829 (8th Cir. 2003); *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 (8th Cir. 2003) (noting that facial attack on the pleading under Rule 12(b)(1) is subject to the same standard as a motion brought under Rule 12(b)(6)). In contrast, in a factual attack on subject-matter jurisdiction, the court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case" and no presumptive truthfulness attaches to the plaintiff's allegations *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990). The plaintiff has the burden of proving that jurisdiction exists by a preponderance of evidence. *See Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002). Here, Rodriguez raises a factual challenge to Spung's second amended complaint, and the Court thus considers and weighs the evidence the parties submit.

B. **Diversity Jurisdiction**

Spung asserts this Court has jurisdiction over the case because he and Rodriguez are citizens of different states and the amount in controversy exceeds $75,000. Filing No. 12 at 4; Filing No. 47 at 2. Rodriguez does not contest that he and Spung are citizens of different states but argues there is insufficient evidence that the amount in controversy exceeds $75,000. Filing No. 33 at 5–8.

The Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1); *accord Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). "[W]hen a federal complaint alleges a sufficient amount in controversy to establish diversity jurisdiction, but the opposing party or the court questions whether the amount alleged is legitimate, the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence." *State of Mo. ex rel. Pemiscot Cnty. v. W. Sur. Co.*, 51 F.3d 170, 173 (8th Cir. 1995).

Spung has failed to meet his burden of proving this Court has subject-matter jurisdiction by a preponderance of the evidence. In particular, he has submitted no evidence to substantiate his claim of $128,000 in damages to reach the amount-in-controversy threshold for diversity jurisdiction. Spung alleges in his second amended complaint that he has lost $840 in weekly income for twenty-eight weeks "plus overtime, insurance, 401k, vacation and holiday pay." Filing No. 12 at 4. He further claims he is entitled to damages for pain and suffering in the amount of "$500 per diem for 28 weeks." Filing No. 12 at 4. However, Spung submits no affidavits or documentary evidence to

support the amount of his lost wages or to support that he has suffered $500 in daily damages for pain and suffering. The parties' declarations focus solely on whether Spung actually made the racist statements which Rodriguez reported to Future Foam and contain no evidence relating to the amount of damages. *See* Filing No. 34-1 at 1–2; Filing No. 40-1 at 1–2. Additionally, even if his claims were supported by evidence, Spung alleges only generally that he "ha[s] been under long term care of medical professionals" for "emotional trauma, PTSD and it's [sic] negative impact on my mental and emotional well being [sic]" but he does not tie this need for medical care and mental suffering to Rodriguez's supposed defamation, his firing from Future Foam, or this case. Filing No. 12 at 4. Spung's unsubstantiated allegations of damages which he fails to tie to the facts of this case are therefore insufficient to meet the amount-in-controversy threshold for purposes of diversity jurisdiction. *Accord* McElroy v. Banc of Am. Inv. Servs., No. 406CV3178, 2007 WL 2021830, at *2 (D. Neb. May 31, 2007) (dismissing case for lack of subject-matter jurisdiction based on diversity because the plaintiff "provided no facts to support the allegations of loss" where the plaintiff claimed the defendant bank had improperly converted funds in his brokerage accounts but "did not identify specific transactions, dates, or losses, and he did not submit any statements to demonstrate the amount of decline in his accounts over the relevant time").

**C. Federal-Question Jurisdiction**

Spung also asserts the Court has jurisdiction over his second amended complaint based on his assertion of a federal question. Filing No. 12 at 3 (second amended complaint asserting federal-question jurisdiction).

The Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The U.S. Supreme Court has held that exercising federal-question jurisdiction is appropriate where "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006) (quoting *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27–28 (1983)).

Spung alleges federal-question jurisdiction under 28 U.S.C. § 4101. That statute, in part, provides a definition of "defamation." *See* 28 U.S.C. § 4101(1). However, this definitional section is a part of a broader statutory scheme prohibiting a domestic court from enforcing a foreign judgment for defamation unless certain prerequisites are met. *See* 28 U.S.C. § 4102 (relating to the "[r]ecognition of foreign defamation judgments"). It does not provide a separate federal cause of action. *See, e.g.*, *Knight v. Chatelain*, No. 8:19CV206, 2019 WL 2464789, at *3 (D. Neb. June 13, 2019) (finding § 4101 "has no possible application here, either as the predicate for a § 1983 action or on its own" for purposes of establishing federal-question jurisdiction), *aff'd*, 798 F. App'x 971 (8th Cir. 2020). Accordingly, the Courts finds there is no federal-question jurisdiction over Spung's claims.

### III. CONCLUSION

The Court lacks subject-matter jurisdiction over this case and must therefore dismiss it.

IT IS ORDERED:

1. Defendant Joseph Paco James Rodriguez's motion to dismiss, Filing No. 32, is granted and this case is dismissed for lack of subject matter jurisdiction;

2. The remaining filings, Filing No. 28 (Spung's motion for default); Filing No. 50 (Spung's motion for summary judgment); Filing No. 57 (Spung's motion to exclude); Filing No. 58 (Spung's motion for leave to amend sur-reply); Filing No. 59 (Rodriguez's motion to quash subpoena); Filing No. 60 (Rodriguez's motion to strike); Filing No. 64 (Spung's motion for leave to respond with motion in limine); Filing No. 71 (Spung's motion to compel discovery), are denied as moot; and

3. The Court will enter a separate judgment.

Dated this 9th day of May, 2022.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge